## GAINES VS. CRAIG.

Under *sec.* 1, *ch.* 133, *Gould's Digest,* which provides that suits at law may be commenced by filing in the clerk's office "a note, or writing obligatory, or due bill, or other evidence of debt," on which a summons or capias may issue, a plaintiff cannot commence an action by filing an open account.

Nor could the plaintiff commence an action by filing a sealed agreement which on its face shows no cause of action, and upon which a right of action could only be shown by auxiliary evidence.

Nor was it the intention of the statute that actions of debt or assumpsit should be joined with covenant in one suit.

*Error to Chicot Circuit Court.*

Hon. JOHN C. MURRAY Circuit Judge.

GARLAND & RANDOLPH, STILLWELL & WOODRUFF, for plaintiff.

Opinion prepared by E. H. ENGLISH, ESQ.—*See note, page* VIII.

On the 16th of April, 1861, Abner Gaines filed in the office of the clerk of the circuit court of Chicot county a promissory note, executed to him by Louis E. Craig for $1,000.00, bearing ten per cent. interest, etc. Also an open account in which he charged Craig with the amount of the note and interest due upon it, and an additional item of $1500.00 for contingent fee claimed by Gaines for attending to the interest of Craig, as an attorney, in a contest about the validity of the will of Junius W. Craig. Gaines also filed a sealed instrument signed by him and Craig, which was referred to in the account filed, by which it was agreed between the' parties, in substance, that in consideration that Gaines had agreed to prosecute and defend the interest of Craig in and under the will of Junius W. Craig, Craig agreed to give him his note, with security, for $1,000.00, payable 1st of July, 1861, bearing ten per cent. interest from maturity; and ˌfurther agreed to enter into an obligation, with security, to Gaines, con-

ditioned that on the termination of the suit then pending in the Chicot circuit court in relation to the will of Junius W. Craig, if any will should be substantiated, Craig was to pay to Gaines the sum of $1500.00.

Upon the filing of the above papers, affidavit, bond, etc., a writ of attachment was issued against Craig, and Joshua M. Craig was summoned as a garnishee.

At the return term, Lewis E. Craig appeared and moved to strike out the papers filed as the foundation of the suit, because the plaintiff had filed no declaration or statement setting out his cause of action, etc. The court overruled the motion as to the promissory note, but struck out the account and the agreement filed, and the plaintiff excepted.

No further defence being made, a judgment was rendered against Lewis E. Craig, for the amount of the note and interest, and also against Joshua M. Craig, upon his answer as garnishee, and Gaines brought error.

The plaintiff doubtless attempted to bring an informal suit under *section* 1, *ch.* 133, *Gould's Dig.*, *p.* 844, which provides that: "Suits at law may be commenced in any of the circuit courts, etc., by filing in the office of the clerk, etc., a note, or writing obligatory, or due bill, or other evidence of debt, which note, writing obligatory, or due bill, or other evidence of debt, shall be a sufficient declaration on which a writ of summons, or *capias ad respondendum* against the person, or of attachment against the property of the defendant, shall be issued."

The promissory note was the only "*evidence of debt*" filed. The open account was no *evidence* of debt within the meaning of the statute; nor was the sealed agreement. It showed upon its face no cause of action, and a right of action upon it could only be shown by such auxiliary averments as must be made by a declaration. The liability of Craig upon the instrument depended upon a contingency—the rendering of service by the plaintiff as an attorney: the termination of the suit in relation to the will of Junius W. Craig; the establishment of a will, and the failure of

the defendant Craig to execute the obligation, with security, stipulated for in the written agreement.

The court below properly struck out the sealed agreement for another reason: Covenant would be the proper form of action upon it, while debt or assumpsit only could be brought upon the note, and it would be such a disregard of the rules of pleading as the statute hardly contemplated to permit them to be joined in one suit. See *Gatton vs. Walker*, 4 *Eng.*, 199.

The judgment must be affirmed, and if this were a case where damages could be imposed for the prosecution of a writ of error without plausible grounds, we should be much inclined to impose them.